UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
ROSEANN CRAWLEY,

                                       **MEMORANDUM AND ORDER**
                                       18 Civ. 712 (AMD) (LB)

           Plaintiff,

-against-

KATHLEEN E. CANGEMI,
           Defendant.
-------------------------------------------------------------------x

ANN DONNELLY, United States District Judge:

      The plaintiff, Roseann Crawley, a resident of Hauppauge, New York, brings this action against the defendant, Kathleen E. Cangemi, a resident of Miami, Florida, to recover inheritance that the plaintiff believes she is owed. For the reasons set forth below, the Court directs the plaintiff to show cause, by filing an affirmation within thirty days of the date of this order, why this matter should not be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

      The plaintiff's statement of claim, in its entirety, states: "would not allow me to probate. She can only do so. (Forged will and forged death certificate), No marriage license. Only child I am, mother deceased." (ECF No. 1.) On January 2, 2018, the Southern District of New York directed the plaintiff to show cause why her complaint should not be transferred to the Eastern District of New York.[1] (ECF No. 3.) The plaintiff responded by submitting a letter questioning the legality of her father's marriage to the defendant, and asserts that she is seeking "to have this probated." (ECF No. 4.) The plaintiff also alleged that the defendant "confiscated" $25,000 and her father's "Co-op." (*Id.*) The plaintiff attached a copy of her father's death certificate and a

---

[1] Subsequently, the case was transferred to the Eastern District. (ECF 5.)

1

November 16, 2017 letter from the New York City Employee's Retirement System, which indicates that her father did not designate her as a beneficiary. (*Id.* Ex. 1.) The plaintiff also attached an August 26, 2009 letter from the law office of Vito A. Napolitano, which enclosed a copy of her father's will. According to the will, the plaintiff's father transferred the title to his apartment prior to his death. (*Id.*) The will also indicates that there may be no assets to probate. (*Id.*) It is unclear what relief, if any, the plaintiff is seeking.

## DISCUSSION

### 1. Legal Standard

The United States District Courts are courts of limited jurisdiction. *Chicot County Dist. v. Baxter State Bank*, 308 U.S. 371, 376, *reh'g denied*, 309 U.S. 695, 60 (1940). That jurisdiction is bestowed by Article III Section 2 of the U.S. Constitution and by Congress, and is limited to those specific grants, *Powell v. McCormack*, 395 U.S. 486, 512–13 (1969), which must be strictly construed, *Kresberg v. International Paper Co.*, 149 F.2d 911, 913 (2d Cir.1945), *cert. denied*, 326 U.S. 764 (1945). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, giving the complaint the most liberal reading, the plaintiff appears to assert diversity jurisdiction.

The question of subject matter jurisdiction is so fundamental that a court is compelled to raise it on its own, even when not otherwise suggested by the parties to the action. *Mansfield, Coldwater & Lake Michigan Rwy. v. Swann*, 111 U.S. 379, 382 (1884). This is true even when, as here, the plaintiff has paid the court's filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Hawkins-El III v. AIG Federal Savings Bank*,

334 Fed. Appx. 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee paid frivolous complaint); *Paige v. City of New York*, No. 10-cv-5469, 2011 WL 3701923, at *2 (E.D.N.Y. Aug. 23, 2010). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted).

**2. Lack of Subject Matter Jurisdiction**

a. The Probate Exception

The "probate exception" to federal diversity jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate," and "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 296 (2006); *Lefkowitz v. Bank of New York*, 528 F.3d 102, 105 (2d Cir. 2007). However, "it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall*, 547 U.S. at 296.

In *Marshall*, the Supreme Court clarified the scope of the probate exception, holding that the exception applies to claims that: (1) "involve the administration of an estate, the probate of a will, or any other purely probate matter," or (2) "seek to reach a res in the custody of a state court." *Id.* at 312 (internal quotations and citations omitted); *see also King v. Shou-Kung Wang*, 663 F. App'x 12, 13 (2d Cir. 2016) (summary order) ("Post–*Marshall*, the probate exception is to be construed narrowly, such that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer (or invalidate the administration of) an estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court, the probate exception does not apply.").

It is unclear whether the plaintiff's father's estate was subject to state court probate proceedings. To the extent that there were probate proceedings, and the plaintiff is seeking this

3

Court's assistance to challenge the decision of the probate court, the Court lacks subject matter jurisdiction over the plaintiff's claim pursuant to the probate exception. Moreover, if the plaintiff is seeking assistance in administering her father's estate, this Court lacks subject matter jurisdiction as well.

b. <u>Diversity of Citizenship</u>

Federal courts have subject matter jurisdiction when the lawsuit is between "citizens of different States" and the amount in controversy exceeds "$75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a)(1). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The amount in controversy must be non-speculative in order to satisfy the statute. *Baltazar v. Earth Ctr. of Maanu, Inc.*, No. 14-cv-3543, 2014 WL 3887717, at *2-3 (E.D.N.Y. July 11, 2014).

Although the parties meet the diversity requirement—because the plaintiff is a citizen of New York and the defendant is alleged to be a citizen of Florida—the plaintiff's complaint fails to include a prayer for damages. Therefore, it is impossible for the Court to determine whether the plaintiff satisfies the $75,000 amount-in-controversy requirement. In light of the plaintiff's *pro se* status, however, the Court will grant her the opportunity to address this deficiency.

## CONCLUSION

Accordingly, the Court directs the plaintiff to show cause, by filing an affirmation within thirty days of the date of this order, why this matter should not be dismissed for lack of subject matter jurisdiction. In the affirmation, the plaintiff is directed to set forth facts which show that

4

this action is proper under the Court's diversity jurisdiction. If the plaintiff elects to file a written affirmation, she is directed to address specifically the amount-in-controversy requirement and the basis of her claim against the defendant. If the plaintiff does not file a written affirmation, the Court will dismiss the action.

Although the plaintiff paid the filing fee to initiate the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                s/Ann M. Donnelly  
                                                ANN M. DONNELLY  
                                                United States District Judge

Dated: Brooklyn, New York  
        February 9, 2018